IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOUIS VUITTON MALLETIER,

    Plaintiff,

  v.

THE FLEA MARKET, INC., et al.,

    Defendants.

No. C 09-01062 CW

ORDER GRANTING
DEFENDANT BUMB &
ASSOCIATES' MOTION
TO DISMISS

In this contributory trademark infringement case, Plaintiff Louis Vuitton Malletier alleges that Defendants The Flea Market, Inc., Bumb & Associates, Brian Bumb, Timothy Bumb, George Bumb, Jr., Jeffrey Bumb and Patrick De Tar knowingly allowed their vendors to engage in trademark counterfeiting at the San Jose flea market. Defendant Bumb & Associates[1] moves to dismiss Plaintiff's complaint. Defendant asserts that Plaintiff's complaint does not allege sufficient facts to hold it liable for contributory trademark infringement. Plaintiff opposes the motion. The matter was heard on May 21, 2009. Having considered oral argument and all of the papers submitted by the parties, the Court grants Defendant's motion and grants leave to amend.

---

[1] Hereinafter the Court will refer to Bumb & Associates as Defendant.

BACKGROUND

The alleged infringing activity takes place at one of the largest open-air flea markets in the United States, covering 120 acres of land. Over 2,000 vendors occupy eight miles of aisles at the market. Approximately 4 million people visit the market every year.

Plaintiff Louis Vuitton is a well known manufacturer of luxury personal items such as handbags, luggage and wallets. Plaintiff owns numerous registered trademarks in connection with these products. Plaintiff is the exclusive distributor of its products and its products are sold only through its stores, its boutiques inside department stores and on eluxury.com and louisviutton.com.

Plaintiff has sued seven Defendants: two entities and five individuals. The two entities are The Flea Market, Inc. and Bumb & Associates. The Flea Market "enters into leases with vendors, tenants, sub-tenants, lessees, sub-lessees, concessionaires, assignees, and/or any other occupant at the market." Compl. ¶ 6. Bumb & Associates is a California partnership and is being sued as an entity "or by and through its partners, Brian Bumb, Timothy Bumb and George Bumb Jr." Id. at ¶ 7. The partners are also being sued individually. Bumb & Associates and The Flea Market "are closely related to each other and collectively own the land, buildings, structures and fixtures" at the market. Id. at ¶ 6. The Flea Market "pays substantial sums of money to Bumb & Assoc. for the lucrative privilege of leasing the property" to market occupants. Id. ¶ 7.

The individual Defendants in this case are Brian Bumb, shareholder, director and President of The Flea Market and partner

in Bumb & Associates; Timothy Bumb, shareholder, director and Vice President of The Flea Market and partner in Bumb & Associates; George Bumb Jr., shareholder, director and Corporate Secretary of The Flea Market and partner in Bumb & Associates; Jeffrey Bumb,[2] shareholder, director and Vice President of The Flea Market; and Patrick DeTar, "in charge of the market's relationship with its vendors and tenants and [] the primary contact person at the market with respect to the leasing of space from The Flea Market." Id. at ¶¶ 8-12.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-

---

[2] On May 20, 2009, Plaintiff dismissed its action against Defendant Jeffrey Bumb pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

3

47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

"Contributory infringement occurs when the defendant either intentionally induces a third party to infringe the plaintiff's mark or supplies a product to a third party with actual or constructive knowledge that the product is being used to infringe the service mark." Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 983 (9th Cir. 1999). Plaintiff does not allege that Defendant induced a third party to infringe. Thus, Plaintiff must show that Defendant supplies a product to a third party with knowledge that the product is being used to infringe the mark.

To satisfy the "supplies a product" prong of the test, the court "consider[s] the extent of control exercised by the defendant over the third party's means of infringement." Lockheed, 194 F.3d at 984. For instance, in Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259 (9th Cir. 1996), the Ninth Circuit addressed this requirement in the context of flea markets. In that case, Cherry Auction, Inc. operated a swap meet in which vendors paid daily rental fees in exchange for booth space. Cherry Auction supplied parking, conducted advertising and retained the right to exclude any vendor for any reason at any time. Cherry Auction was also aware that vendors in their swap meet were selling counterfeit recordings in violation of the plaintiff's trademarks and copyrights. The Ninth Circuit held that Cherry Auction was liable

4

for contributory infringement because it "suppl[ied] the necessary marketplace" for the sale of infringing products. Id. at 265; Lockheed, 194 F.3d at 984.

Defendant distinguishes Fonovisa because in that case the defendant both owned and operated the market, whereas here, the property owner, Defendant, and the market operator, The Flea Market, are two separate and distinct entities. As a property owner, Defendant leases land to The Flea Market without exercising any specific, direct control over the Flea Market's tenants' business operations. Therefore, Defendant argues, it cannot be liable for having any control over the sale of the infringing products.

Plaintiff has not alleged any facts showing a relationship between Defendant and the vendors. The only facts alleged in the complaint that specifically refer to Defendant state that it and The Flea Market are "closely related to each other and collectively own the land, building, structures and fixtures at the market." The complaint also states that Defendant receives "substantial sums of money" from The Flea Market's lease agreements with the market's tenants and vendors. No case supports the proposition that a property owner may be liable for contributory trademark infringement if it only leases property to a separate and distinct entity, which in turn operates a flea market and rents space to a vendor, which in turn infringes trademarks. Property ownership alone does not establish that Defendant exercised control over the sale of the infringing products.

The remaining allegations in the complaint do not explain the extent to which Defendant participated in any illegal conduct

5

separate and apart from the participation of the other named Defendants. For instance, the section of the complaint entitled, "Defendants' Unlawful Conduct" repeatedly refers to conduct performed by "Defendants," but never mentions any of the seven Defendants by name. Thus, there is no allegation that Defendant has any relationship with any of the market vendors.

Therefore, in this respect, the complaint does not give fair notice under Fed. R. Civ. P. 8(a) to Defendant of the role it is alleged to have played in the infringement. Plaintiff offers the following boilerplate paragraph to remedy this fault:

> On information and belief, at all times mentioned in this Complaint, each of the Defendants was the agent of the other Defendants, and in doing the things alleged in this Complaint was acting within the course and scope of such agency. Further, on information and belief, at all times mentioned in this Complaint, each of the Defendants aided and abetted each of the other Defendants in doing the things alleged in this Complaint. In addition, each of the Defendants informs the other Defendants of their actions, as well as the lawful and unlawful activities transpiring at the market.

Complaint ¶ 13. Plaintiff offers no factual allegations to support this paragraph. Such blanket assertions do not provide Defendant with the requisite fair notice of the factual grounds on which the claim rests.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. If Plaintiff is currently in possession of facts sufficient to allege, within the restrictions of Fed. R. Civ. P. 11, that Defendant Bumb & Associates in particular controlled The Flea Market's vendors, it may file an amended complaint within fifteen days making those allegations specifically against that Defendant. Otherwise, Plaintiff may later move for leave to amend

to allege such facts, if they are later discovered.

IT IS SO ORDERED.

Dated: 6/10/09



CLAUDIA WILKEN
United States District Judge